UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JOSHUA ANSLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV410-176 |
| DOUGLAS FRANKS[1], | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Joshua Ansley's 42 U.S.C. § 1983 prisoner conditions complaint. (Doc. 1.) The Court granted Ansley leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against

---

[1] Plaintiff lists defendant as "Doughlas Frank, Jail Administrator, Liberty County Jail." (Doc. 1 at 4.) The Court substitutes the correct name, Douglas D. Franks.

governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

On May 29, 2010, plaintiff Joshua Ansley slipped and fell on a wet floor near his bunk at the Liberty County Jail, causing him to sprain his ankle and "twist" his back. (Doc. 1 at 5.) The back injury caused numbness in his right leg and back spasms, and he has had difficulty recovering from the injury because he is a "type one diabetic." (*Id.*) According to Ansley, water collected on the floor from a toilet overflow caused by "improper maintenance." (*Id.*) He seeks both compensatory and punitive damages and demands that the jail be required "to repair

all leaks, cracks, and remove all mold from the houseing[sic] area." (*Id.* at 6.)

Ansley's complaint fails as a matter of law. Section 1983 cannot be used as a tool to bring a generalized negligence-based tort suit in federal court. Instead, it remedies errors of constitutional dimensions. In order to state an Eighth Amendment prisoner conditions suit relating to the slip and fall, for instance, Ansley would have to show: (1) that the alleged failure in maintenance was, "objectively, sufficiently serious" and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) that prison officials charged with performing the maintenance were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Put another way, constitutional violations of the type most analogous to Ansley's claim require considerably more than negligence. *See Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (noting that the subjective component of the deliberate indifference test requires more than even gross negligence). Ansley, then, must show that an "official kn[ew] of and disregard[ed] an excessive risk to inmate health or

3

safety." *Farmer*, 511 U.S. at 837.

Here, Ansley has not alleged any facts indicating that any of the jail's staff (particularly defendant Franks) knew that water could accumulate near his bed, knew that the build-up presented a significant risk of serious harm, then callously chose to disregard that risk.[2] Consequently, his garden variety slip and fall negligence claim fails as a matter of law. *See Daniels v. Williams*, 474 U.S. 327 (1986) (prison official's negligence in failing to protect inmate from harm does not give rise to a cause of action under § 1983); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1977) (dismissing as frivolous a prisoner's § 1983 complaint alleging only negligence in connection with a slip and fall in the

---

[2] It is unclear whether Ansley seeks to sue the jail directly or is simply suing Douglas Franks in his official capacity as the jail administrator. In his list of parties, he names Franks alone. (Doc. 1 at 4.) If he intended to raise a direct claim against the jail, it would fail, since the jail has no independent legal existence and is therefore not an entity that is subject to suit under § 1983. *Brinson v. Coastal State Prison*, 2009 WL 890574 at *2 (S.D. Ga. Apr. 1, 2009) (prison has no independent legal existence and is not suable under § 1983); *Miller v. Benton County Jail*, 2006 WL 2711482 at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); *Agnew v. St. Joseph County Jail*, 1996 WL 534928 at *1 (N.D. Ind. Aug. 14, 1996); *see Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992).

4

bathroom); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (same); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *Mallard v. Roberts*, 2006 WL 1431570 at *4 (M.D. Ga. May 19, 2006); *see also Tate v. Blackwell*, 475 F.2d 193 (5th Cir. 1973) (per curiam).

For all of the reasons explained above, Ansley's case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this  30th  day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA